IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAPAT NABAYA, | § | |
|     Petitioner, | § | |
| v. | § | No. 3:19-cv-1216-L (BT) |
| | § | |
| WARDEN M. UNDERWOOD, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Shapat Nabaya is a federal inmate currently incarcerated in the Federal Correctional Institution in Seagoville, Texas. He filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 and a motion for judgment on the pleadings. (ECF No. 14.) For the following reasons, the § 2241 petition and the motion for judgment on the pleadings should be denied.

I.

Petitioner was convicted in the Eastern District of Virginia of: (1) retaliating against a federal officer by false claim in violation of 18 U.S.C. § 1521; and (2) making a false statement in a bankruptcy proceeding in violation of 18 U.S.C. § 152(3). On February 28, 2018, he was sentenced to a total of 71 months in prison. *United States v. Nabaya*, No. 3:17-cr-003 (E.D. Va. Feb. 28, 2018), *aff'd*, No. 18-4134 (4th Cir. Mar. 22, 2019).

1

On April 17, 2018, Petitioner filed a § 2241 petition in the Middle District of Pennsylvania challenging his Virginia conviction. *Nabaya v. White*, No. 3:18-cv-829-ARC-PT (M.D. Penn.). That petition is currently pending.

On June 7, 2018, Petitioner filed another § 2241 petition challenging his Virginia conviction in the Northern District of Texas, *see Nabaya v. Underwood*, No. 3:18-cv-1460-N (BT) (N.D. Tex.), arguing the trial court lacked jurisdiction over his criminal case. The district court denied the petition on September 28, 2019.

On May 17, 2019, Petitioner filed his third and current § 2241 petition challenging his Virginia conviction, in which he argues the court did not enter a valid judgment, the court and prosecutor prejudiced him by not providing him with a copy of the victim's affidavit, and he did not enter a plea to the charges. He also argues that the § 2241 petition he filed in the Middle District of Pennsylvania should be transferred to this Court because he is now confined in this district.

II.

Title 28 U.S.C. § 2255 is the primary means under which a federal prisoner may collaterally attack the legality of his sentence. *See Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Title 28

U.S.C. § 2241, however, may be used by a federal prisoner to challenge the legality of his sentence if he can satisfy the requirements of the § 2255 "savings clause." The savings clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (2001) (emphasis added).

The petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (quoting *Pack v. Ysuff,* 218 F.3d 448, 452 (5th Cir. 2000)). The Fifth Circuit has stated, "§ 2241 is not a mere substitute for § 2255 and [ ] the inadequacy or inefficacy requirement is stringent." *Reyes-Requena*, 243 F.3d at 901; *see also, Pack*, 218 F.3d at 453 ("[M]erely failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy.").

The § 2255 savings clause applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense, and (ii) that was

3

foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904.

Petitioner has failed to establish that he falls within the savings clause of § 2255. He has failed to cite any retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense. His claims are therefore without merit.

Petitioner also asks the Court to transfer the § 2241 petition he filed in the Middle District of Pennsylvania to this Court because he is now incarcerated in Texas. At the time Petitioner filed his § 2241 petition in the Middle District of Pennsylvania, he was incarcerated in that district. Petitioner's subsequent transfer to the Norther District of Texas did not divest the Middle District of Pennsylvania of jurisdiction over the petition he filed in that court. *See Griffen v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) (citations omitted) ("Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change."). This claim should therefore be denied.

## III.

For the foregoing reasons, the Court should deny Petitioner's habeas corpus petition under 28 U.S.C. § 2241, and his motion for judgment on the pleadings.

Signed July 1, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).