IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SHAPAT NABAYA,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:19-CV-1216-L** |
| | § | |
| **WARDEN M. UNDERWOOD,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 17) was entered on July 1, 2019, recommending that the court deny Petitioner's petition for habeas corpus relief under 28 U.S.C. § 2241 and Motion for Judgment on the Pleadings Pursuant to Civil Rule 12(c) ("Motion for Judgment") (Doc. 14), docketed on June 19, 2019. The Report reasons that Petitioner's third and current section 2241 habeas petition and Motion for Judgment challenging his Virginia conviction for making a false statement in a bankruptcy proceeding in violation of 18 U.S.C. § 152(3) is without merit because he "has failed to establish that he falls within the savings clause of § 2255" and "has failed to cite any retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense." Report 4. The magistrate judge also recommended that the court deny Petitioner's request to transfer the prior section 2241 habeas petition that he filed in the Middle District of Pennsylvania to this court because, although he is now incarcerated in Texas, he was incarcerated in the Middle District of Pennsylvania when he filed his prior habeas petition, and his subsequent transfer to a facility in Texas did not divest the Middle District of Pennsylvania of jurisdiction over the petition that was filed in that court.

**Order – Page 1**

Petitioner filed objections to the Report on July 15, 2019 (Docs. 19, 20).  Petitioner objects to the magistrate judge's handling of his case because he did not consent to proceed before the magistrate judge, and he continues to challenge his custody under the Fifth, Thirteenth, and Fourteenth Amendments of the United States Constitution and section 2241.  He contends that "there is no certified plea of prosecutors" and "Warden D. White of Pennsylvania is not the proper respondent. He is in the 3rd Circuit. The proper respondent is Warden M. Underwood in the 5th Circuit."  Def.'s Obj. 1 (Doc. 19).  He contends that he has not been provided with "any Acts of Congress or United States Supreme Court rulings that the U.S. Constitution has been suspended" or "proof that he is not entitled to the protection of the 5th, 13th, & 14th Amendments" from judges who violate the United States Constitution.  *Id.*  He objects to the determination that the Pennsylvania court has jurisdiction over his prior section 2241 petition.  He contends that jurisdiction in this court is proper such that Warden Underwood should be required to respond to his petition; he contends that the failure to require Warden Underwood to respond demonstrates bigotry, discrimination, and partiality by the magistrate judge. In addition, Petitioner asserts that he has a right to due process, and his right to bail is supported by Congress and the Supreme Court, as prosecutors did not certify his plea because "there is no plea agreement made according to the pre-sentence report," he never entered a plea, and the Government never proved that he was a threat to anyone or the community. Def.'s Obj. 1 (Doc. 20).  Petitioner notes that he filed a request with the Bureau of Prisons to obtain a copy of his plea agreement that should have been referenced in his presentence report if he actually entered one.

After the Report was entered, Petitioner also filed: (1) a motion for "Mandatory Injunctive Relief from an Unconstitutional Incarceration" (Doc. 16), docketed on July 2, 2019; (2) an

"Emergency Motion for Bond Hearing Pending Disposition of 2241(c)(3)" (Doc. 18), docketed on July 11, 2019; and (3) an Emergency Motion for Recusal of the magistrate judge (Doc. 21), docketed on July 15, 2019.

Having reviewed the petition, Motion for Judgment, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Petitioner's objections to the Report; **denies** the habeas relief requested by him; **denies** the Motion for Judgment (Doc. 14); **denies** Petitioner's request to transfer his Pennsylvania habeas action to this district; and **dismisses with prejudice** this action. The court also **denies** the motions filed by Petitioner after the Report was entered (Docs. 16, 18, 21), as he has not satisfied the applicable legal standards for the relief sought in these motions.[1] Additionally, Petitioner's Motion for Recusal is not supported by an affidavit as

---

[1] A prisoner is not entitled to be released on bond pending postconviction habeas review unless he "has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Calley v. Callaway*, 496 F.2d 701, 702 & n.1 (5th Cir. 1974). Examples of "extraordinary circumstances" include the "serious deterioration of the petitioner's health while incarcerated, . . . short sentences for relatively minor crimes so near completion that extraordinary action is essential to make collateral review truly effective, . . . or possibly extraordinary delay in processing a habeas corpus petition." *Id.* at 702 n.1 (citations omitted).

Under federal law, there are four prerequisites for the extraordinary relief of a temporary restraining order or preliminary injunction. A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (en banc). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before injunctive relief can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet any of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction.

required by section 28 U.S.C. § 144, and his contention that the magistrate judge is biased because she recommended that the court deny the relief sought by him and dismiss this action without ordering the Warden to respond to his petition or motion is based on nothing more than unsupported speculation, supposition, and opinion, which is insufficient for recusal or disqualification under either section 28 U.S.C. § 144 or 28 U.S.C. § 455.[2]

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[3] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct

---

[2] "While § 455 provides guidance to a judge when he is considering recusing himself, 28 U.S.C. § 144 supplies a litigant with the opportunity *to file an affidavit* that the judge before whom the matter is pending has a personal bias or prejudice sufficient to mandate disqualification." *Liljeberg v. Health Servs. Acquisition Corp*, 486 U.S. 847, 871 n.3 (1988). As noted, Petitioner filed no affidavit in support of his motion under section 144 and, thus, is not entitled to relief under that statute. *See id.* To establish that recusal is proper under § 455(a), the party seeking recusal must demonstrate that "a reasonable person, knowing the circumstances, would question the judge's impartiality." *Hollimon v. Potter*, 365 F. App'x 546, 549 (5th Cir. 2010) (citation omitted); *see also United States v. Anderson*, 160 F.3d 231, 233 (5th Cir. 1998). In conducting this review, a court must ask how the facts would appear to a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003) (quoting *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995)).

[3] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a)    Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    (**b**)    **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 16th day of July, 2019.

Sam A. Lindsay
United States District Judge